## SAM MITCHELL V. STATE

No. 29,697. April 30, 1958.

*James J. Shown* and *W. E. Martin*, both of Houston, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White*, Assistant District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault with a motor vehicle; the punishment, a fine of $250.00.

The sufficiency of the evidence to show that it was appellant's truck that collided with the injured party is seriously challenged.

Appellant's confession recites that he was driving his truck on Yale Street on the night in question, that an automobile pulled

alongside him and someone told him there had been an accident back up the street, and that he got out and went back to the scene of the accident, but nowhere therein does he admit having hit anyone. Apparently he did not know he had done so, if, in fact, it was his truck which had caused the injury.

At the conclusion of the testimony, appellant's counsel entered into a stipulation, without the joinder of the accused himself, but even this stipulation does not agree that it was the appellant's truck which hit the injured girl.

The state called the witness Gloria Pillar, who testified on direct examination that she saw the appellant at the scene of the accident talking to some officers after Henrietta had been struck.

On cross-examination, she stated, "I seen him (the appellant) when they brought him there (the scene of the accident), I didn't see him driving the truck."

On re-direct, she pointed to someone "sitting over there" and said that she had seen him in the truck as it went by.

On re-cross, she said, "I didn't see his face but I know that he is the one," and, when being asked, "You didn't see his face, did you?" answered, "I saw the side of him."

Surely, if the appellant, who was completely cooperative with the police, did not know he had caused any injury to anyone, we would not be authorized to uphold conviction upon the vague and inconsistent testimony of the witness Pillar.

Upon another trial, the state should be sure all its witnesses are available before announcing ready for trial.

The judgment is reversed and the cause remanded.

WOODLEY, Judge, dissenting.

This is a companion case to that of Sam Mitchell v. State, No. 29,534 (page 197, this volume), appellant having been tried and found guilty of driving a truck upon a public highway while intoxicated and, in the instant appeal, found guilty of aggravated assault with the truck.

It is interesting to note that in the companion case the suffi-

ciency of the evidence to show that appellant was driving the truck was seriously challenged, whereas upon the trial of the present case it was stipulated that he was the driver of the flat bed truck, but the sufficiency of the evidence to show that this was the truck which struck the seventeen-year-old school girl is challenged.

The confession, omitting the warning, introduced in both cases as evidence tending to identify him as the driver of the truck, reads:

"My name is Sam Mitchell, I am 30 years old, I live at 1407 Johnson St., I work for Penco Products Co. at 1109 Wagner St. I do hauling in my truck for them.

"At about 9:00 P.M. on March 16, 1957 I went to the Bee Bop Dance Hall at 2537 Morehouse. I stayed there about one hour and had about one beer there and one beer before I got there. I left there and I was going home driving my 1952 Ford flat bed truck, I don't know the license number, south on Yale Street and I stopped for the red light at Cross Timbers. I went on about a block and a car pulled up beside me and someone said there had been *a* accident about the next block back or something like that, and to pull over that I *had* probably had hit them. I drove the truck over and got out and went back to the scene of the accident. I looked around there and a girl was laying on the ground and the people said she was hit on the back of the truck. An officer asked me if I was driving that truck, and he pointed to my truck, and I told him I was and he told me to get in his car. I stayed there until the other officers came and took me to Jefferson Davis Hospital, and then to the police station where I am making this voluntary statement."

This was a trial before the court without a jury.

As I read the record, the witness Gloria Pillar identified appellant as the driver of the truck which was "zigzagging" down the road and struck the girl and broke her leg. A part of her testimony is quoted in the original opinion.

She also testified:

"Q. Now did you see anybody in that truck when it first came by? A. Yes.

"Q. Who did you see in it? A. I just saw a man with a white shirt on.

"Q. Did you see anybody else in that truck? A. No.

"Q. Was that a white man or colored man? A. Colored.

"Q. Can you identify him today? A. Yes.

"Q. Where is he? A. Sitting over there (pointing)."

On re-cross examination she testified:

"Q. Will you swear now that you saw and recognized this man when he drove by the first time? A. I didn't see his face but I know he is the one. * * *"

"Q. You would have identified any colored man they brought back, is that right? A. It was him.

"Q. You would have identified any colored man? A. No.

"Q. Why did you identify this man, because they brought him back there? A. Because he looked like him.

"Q. You didn't see his face, did you? A. I saw the side of him."

The trial judge observed the witness and her demeanor and accepted her identification of appellant as the driver of the truck which struck and injured the girl. It is the duty of this court to view her testimony in the light most favorable to the court's finding. We are not to substitute our judgment, as to the credibility of the witness and the weight to be given to her testimony, for that of the trial judge.

I do not agree that the confession establishes or necessarily supports the view of the majority that appellant was completely cooperative with the police and did not know that he had hit anyone or caused injury to anyone.

Even so, if, as the evidence shows, the driver of the truck negligently collided with and caused injury to the girl, he would be guilty as charged whether he knew that the truck he was negligently operating struck the girl or not.

I respectfully dissent.